UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21048-Cv-UNGARO
         (07-20584-Cr-UNGARO)
MAGISTRATE JUDGE P. A. WHITE

JOSE GONZALEZ,                    :

          Movant,                 :        REPORT OF
                                           MAGISTRATE JUDGE
v.                                :

UNITED STATES OF AMERICA,         :

          Respondent.             :
_____

Introduction

     This matter is before the Court on the movant's motion to
vacate pursuant to 28 U.S.C. §2255, attacking his conviction and
sentence for conspiracy and attempt to possess with intent to
distribute cocaine, conspiracy and attempt to obstruct, delay and
affect commerce by robbery, carrying a firearm during and in
relation to a crime of violence and a drug trafficking crime, felon
in possession of a firearm, entered following a jury verdict in
Case No. 07-20584-Ungaro.

     The Court has reviewed the motion with attached memorandum of
law (Cv-DE#1), the government's response with exhibits (Cv-DE#12),
the movant's reply (Cv-DE#14), the Presentence Investigation Report
(PSI) and all pertinent portions of the underlying criminal file.

     Construing the movant's arguments liberally as afforded pro se
litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the
movant appears to raise the following claims in his §2255 motion:


     1.   The movant was denied effective assistance of trial

1

counsel when his attorney failed to file a motion challenging the fabricated element and the non-existence of the Commerce Clause. (Cv-DE#1:attached memo:5;Cv-DE#1:attached memo,Ex.1:5).

2. The movant was denied effective assistance of trial counsel when his attorney failed to argue there was no violation of the interstate Commerce Clause with respect to 18 U.S.C. §1951(a). (Cv-DE#1:attached memo:6;Cv-DE#1:attached memo,Ex.1:5).

3. The movant was denied effective assistance of trial counsel when his attorney failed to require the government and its agent to present a lab report, along with a lab technician, at trial to refute the charges against him. (Cv-DE#1:attached memo:6).

4. The movant was denied effective assistance of trial counsel when his attorney failed to compel the appearance of a lab technician, pursuant to Fed. R. Crim. P. 17, to dispel the charges, thus violating his confrontation rights. (Cv-DE#1:attached memo:6; Cv-DE#1:attached memo,Ex.2:4).

5. The movant was denied effective assistance of trial counsel when his attorney failed to object to the government agent's false testimony, which was made with the intention to mislead the jury and the court. (Cv-DE#1:attached memo:6).

6. The movant was denied effective assistance of counsel when his attorney failed to object to the

2

constructive amendment/variance of the Indictment, thus violating his Fifth and Sixth Amendment rights to a fair trial. (Cv-DE#1:attached memo:6; Cv-DE#1:attached memo,Ex.3:18-22).

7.   The movant was denied effective assistance of counsel when his attorney relied upon an entrapment defense, resulting in prejudice in light of the circumstances surrounding the trial. (Cv-DE#1:attached memo:6).

8.   The movant was denied effective assistance of counsel when his attorney failed to argue that there can be no indictable conspiracy existing between the government agent and a citizen. (Cv-DE#1:attached memo:7).

9.   The movant was denied effective assistance of appellate counsel when his attorney failed to present the claims raised herein. (Cv-DE#1:attached memo:7).

10.  The movant was denied effective assistance of counsel when his attorney failed to file a reply brief to the government's answer brief on appeal. (Cv-DE#1:attached memo:7).

11.  The District Court lacked subject matter jurisdiction or territorial jurisdiction to prosecute the underlying criminal case. (Cv-DE#1:attached memo:10,15; Cv-DE#1:attached memo,Ex.1:5).

12.  The government's filing of an information pursuant to 21 U.S.C. §851 is inapplicable to this case as the court lacked jurisdiction to preside over the matter. (Cv-DE#1:attached memo:17).

13.  The movant is actually innocent. (Cv-DE#1:attached memo:18; Cv-DE#1:attached memo,Ex.1:5;Ex.3:18).

14.  The movant was denied effective assistance of counsel when his attorney failed to object to the court's failure to consider at sentencing the 18 U.S.C. §3553(a) factors. (Cv-DE#1:attached memo:18).

15.  The movant was denied effective assistance of counsel when his attorney failed to seek a sentencing role adjustment pursuant to U.S.S.G. §3B1.2. (Cv-DE#1:attached memo:18).

16.  The movant was denied effective assistance of counsel when his attorney failed to seek a safety valve adjustment pursuant to U.S.S.G. §5C1.2. (Cv-DE#1:attached memo:18).

17.  The movant was denied effective assistance of counsel when his attorney advised his client to proceed to trial despite all the prejudicial evidence against him. (Cv-DE#1:attached memo:19).

18.  The movant was denied effective assistance of counsel when his attorney failed to argue that the prosecution was initiated without authorization by

4

the Department of Justice and in violation of the "petite policy." (Cv-DE#1:attached memo,Ex.3:7).

19.  The movant was denied effective assistance of counsel when his attorney failed to argue that there was no conspiracy as a matter of law. (Cv-DE#14:1).

20.  The movant was denied effective assistance of counsel when his attorney failed to argue that Miami-Dade detectives assigned to the STOP group had authority to investigate and arrest the movant. (Cv-DE#1:attached   memo:18,Cv-DE#1:attached memo,Ex.1:2,4).

To the extent the claims raised in this motion are inter-related or duplicative, those issues will be discussed together.

<u>Procedural History</u>

The procedural history of the underlying criminal case reveals that on July 26, 2007, a Federal Grand Jury in the Southern District of Florida returned an Indictment charging the movant, along with several co-defendants, with a variety of charges. (Cr-DE#28). Specifically, the movant was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A) and 846 (Count 1); attempting to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A) and 846, 18 U.S.C. §2 (Count 2); conspiracy to obstruct, delay and affect commerce by means of robbery of cocaine (Hobbs Act robbery), in violation of 18 U.S.C.

§§1951(a), (b)(1) and (b)(3) (Count 3); attempting to obstruct, delay, and affect commerce by means of robbery of cocaine (Hobbs Act robbery), in violation of 18 U.S.C. §§1951(a), (b)(1), (b)(3) and 2 (Count 4); carrying a firearm in relation to a crime of violence and drug trafficking crimes, in violation of 18 U.S.C. §§924(c)(1)(A) and 2 (Count 5); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g)(1) (Count 6). (Id.).

Prior to the commencement of trial, the government filed an information, pursuant to 21 U.S.C. §851, establishing its notice of intent to enhance the penalties for the movant's 21 U.S.C. §841 violation because he had a prior felony conviction in the State of Florida for marijuana distribution. (Cr-DE#84). On September 24, 2007, the movant proceeded to trial (Cr-DE#118) and was ultimately found guilty as charged. (Cr-DE#107).

A PSI was prepared in anticipation of sentencing wherein the probation officer determined the movant had a base offense level of 36 (PSI¶29) and a criminal history category of III. (PSI¶49). However, because he qualified as a career offender, his base offense level was increased to 37 (PSI¶35) and his criminal history category was also increased to VI. (PSI¶49). Based on a total offense level of 37 and a criminal history category of VI, his guideline imprisonment range was 360 months to life. (PSI¶78).

On January 8, 2008, the District Court sentenced the movant to a term of 240 months imprisonment as to Counts 1-4, and 6 to be served concurrently, and 60 months as to Count 5, to be served consecutively to all other counts, followed by 10 years supervised release as to Counts 1-3 and 3 years of supervised release as to Counts 4-6, to be served concurrently, and a $600 special

6

assessment. (Cr-DEs#160,162). The Clerk of Court entered judgment on January 14, 2008. (Cr-DE#162). A timely notice of appeal was thereafter filed. (Cr-DE#163). On April 15, 2009, the Eleventh Circuit, per curiam, affirmed the movant's convictions, but vacated in part and remanded solely to amend the judgment to reflect the correct statutory provisions violated. (Cr-DE#232:4,24). The Clerk of Court, on March 31, 2010, entered an amended judgment, citing the correct statutes for each offense listed therein. (Cr-DE#237). A petition for writ of certiorari was not filed. For purposes of the federal, AEDPA one-year limitations period, the movant's conviction became final at the latest on July 15, 2009, ninety days following affirmance of the movant's sentence on direct appeal, when time expired for seeking certiorari review with the Supreme Court.[1] Thus, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than July 15, 2010. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was timely filed on March 16, 2010.[2]

---

[1]For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, Bond v. Moore, 309 F.3d 770 (11th Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11th Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

[2]See Adams v. U.S., 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

Moreover, the underlying criminal record reflects a second amended judgment (Cr-DE#239) was entered on April 5, 2010, however, after a review of the amended judgment entered on March 31, 2010 and the latter judgment, no differences were found. Notwithstanding, the movant had already timely filed his motion to vacate pursuant to 28 U.S.C. §2255, thus the second amended judgment has no bearing as to the timeliness of this petition.

<u>Discussion of Claims</u>

As will be demonstrated in more detail <u>infra</u>, the movant is not entitled to vacatur on any of the claims presented.[3] When viewing the evidence in this case in its entirety, the alleged errors raised in this collateral proceeding, neither individually nor cumulatively, infused the proceedings with unfairness as to deny the petitioner a fundamentally fair trial and due process of law. The movant therefore is not entitled to habeas corpus relief. See <u>Fuller v. Roe</u>, 182 F.3d 699, 704 (9th Cir. 1999)(holding in federal habeas corpus proceeding that where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation), <u>overruled on other grounds</u>, <u>Slack v. McDaniel</u>, 529 U.S. 473, 482 (2000). <u>See also</u> <u>United States v. Rivera</u>, 900 F.2d 1462, 1470 (10th Cir. 1990)(stating that "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect."). Contrary to the movant's apparent assertions, the result of the proceedings were not fundamentally unfair or unreliable. See <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369-70 (1993).

Specifically, the movant challenges counsel's effectiveness. Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1994), which is not a favorable standard to the movant. <u>See</u>

_____

[3]Briefly, the evidence against the movant was more than sufficient to support his conviction. The movant has not shown that the result of the trial, appeal, or sentencing would have been affected had counsel proceeded differently. In other words, no deficient performance or prejudice pursuant to <u>Strickland</u> has been established arising from any of the claims raised in this collateral proceedings, nor has a denial of due process been demonstrated. To the contrary, it is clear after independent review of the record that the movant received a fair trial, and that no constitutional violations occurred. Consequently, he has failed to demonstrate that he is entitled to habeas corpus relief in this collateral proceeding.

<u>Massaro v. United States</u>, 538 U.S. 500, 505 (2003). To prevail on a claim of ineffective assistance, a movant must demonstrate both that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defendant. <u>Chandler v. United States</u>, 218 F.3d 1305, 1312-13 (11th Cir. 2000)(en banc), <u>cert</u>. <u>denied</u>, 531 U.S. 1204 (2001) ; <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Moreover, a habeas court's review of a claim under the <u>Strickland</u> standard is "doubly deferential." <u>Knowles v. Mirzayance</u>, ____ U.S. ____, 129 S.Ct. 1411, 1418, 173 L.Ed.2d 251 (2009). In deciding whether counsel's performance was deficient, judicial scrutiny is "highly deferential" and requires us to "'indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment.'" <u>Id</u>. at 1314 (<u>quoting</u> <u>Strickland v. Washington</u>, 466 U.S. at 689-90.

When assessing a lawyer's performance, "[C]ourts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." <u>Chandler v. United States</u>, 218 F.3d 1305 (11th Cir. 2000)(en banc), <u>cert</u>. <u>denied</u>, 531 U.S. 1204 (2001). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." <u>Van Poyck v. Florida Dept. of Corrections</u>, 290 F.3d 1318, 1322 (11th Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), <u>quoting</u>, <u>Strickland v. Washington</u>, 466 U.S. 668, 690. Review of counsel's conduct is to be highly deferential. <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11th Cir. 1994), and second-guessing of an attorney's performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218, 1220 (11th

Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992). A claim of ineffective assistance is a mixed question of law and fact. Strickland, 466 U.S. at 698.

The Eleventh Circuit will not "second-guess counsel's strategy." Chandler, 218 F.3d at 1314, n.14. Strategic choices, even those "made after less than complete investigation," are evaluated for their reasonableness and "counsel's reliance on particular lines of defense to the exclusion of others--whether or not he investigated those other defenses--is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." Chandler, 218 F.3d at 1318 (quoting Strickland, 466 U.S. at 690-91).

The courts "are not interested in grading lawyers' performances;" but rather, "are interested in whether the adversarial process at trial . . . worked adequately." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)(quotation marks omitted). To be unreasonable, the performance must be such that "no competent counsel would have taken the action that [the petitioner's] counsel did take." Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001)(emphasis omitted). In other words, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d at 386.

Under the second prong of the test set forth in Strickland, the movant can be said to have been prejudiced by counsel's performance only if there was "a reasonable probability that, but

10

for counsel's unprofessional errors, the result of the proceeding
would have been different. A reasonable probability is probability
sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466
U.S. at 694. Rather, the movant must demonstrate that "there is a
reasonable probability that, absent [counsel's] errors, the jury
would have had a reasonable doubt regarding [his] guilt." <u>Blackburn</u>
<u>v. Foltz</u>, 828 F.2d 1177, 1186 (6th Cir. 1987), <u>cert. den'd</u>, 485
U.S. 970 (1988), <u>see also</u>, <u>Montgomery v. Petersen</u>, 846 F.2d 407,
416 (7th Cir. 1988).

In **claims 1 and 2**, the movant asserts he was denied effective
assistance of trial counsel when his attorney failed to file a
motion challenging the fabricated element and the non-existence of
the Commerce Clause and when his counsel failed to argue that there
was no violation of the interstate Commerce Clause with respect to
the 18 U.S.C. §1951(a) charge. (Cv-DE#1:attached memo:5-6;Cv-
DE#1:attached memo, Ex.1:5).

Although the movant's arguments, with respect to these claims
are unclear, it appears he challenges the violations of the
Commerce Clause as it relates to all of his charges.

The movant's attempt to challenge the constitutionality of the
drug trafficking statute and the government's power to regulate
trafficking has previously been rejected by the courts. <u>See</u> <u>United</u>
<u>States v. Jackson</u>, 111 F.3d 101, 102 (11th Cir. 1997). In <u>Jackson</u>,
the Eleventh Circuit held that "illegal possession and sale of
drugs affects interstate commerce, and Congress accordingly has the
authority under the Commerce Clause to criminalize and punish drug-
related activity." <u>Jackson</u>, <u>supra</u>; <u>see also</u>, <u>United States v.</u>
<u>Weinrich</u>, 586 F.2d 481, 498 (5th Cir. 1979)(Comprehensive Drug
Abuse, Prevention & Control Act of 1970, 21 U.S.C. §841 is

11

constitutional and does not require specific proof of nexus with interstate commerce as a prerequisite for conviction.); United States v. Brown, 2000 WL 876382, at *13 (6th Cir. June 20, 2000)(same); United States v. Visman, 919 F.2d 1390 (9th Cir. 1990), cert. den'd, 502 U.S. 969 (1991); United States v. Curtis, 965 F.2d 610, 616 (8th Cir. 1991); United States v. Janus Industries, 48 F.3d 1548 (10th Cir. 1995). The District Court had jurisdiction over the offenses. In fact, the Eleventh Circuit has held that possession and sale of illegal drugs impacts upon interstate commerce and rejected the argument that the government was required to prove that the drugs in a particular case had an actual impact on commerce. United States v. Bernard, 47 F.3d 1101 (11th Cir. 1995).

Moreover, to convict a defendant of either attempt to or conspiracy to commit a Hobbs Act, "the interstate nexus may be demonstrated by evidence of potential impact on interstate commerce or by evidence of actual, de minimis impact." Id.; citing United States v. Verbitskaya, 406 F.3d 1324, 1335 (11th Cir. 2005). In the Eleventh Circuit case, United States v. Taylor, 480 F.3d 1025, 1027 (11th Cir. 2007), the defendant's Hobbs Act convictions under 18 U.S.C. §1941(a), 21 U.S.C. §§841 and 846 were proper because the jurisdictional nexus with interstate commerce was satisfied when the defendant attempted to rob 15 kilograms of fictitious cocaine. 480 F.3d at 1027. The fact that the narcotics were fictional, the Eleventh Circuit found was irrelevant. Id.; see also United States v. Orisnord, 483 F.3d 1169, 1177 (11th Cir. 2007); United States v. Blanco, 327 Fed. Appx. 139, 144 (11th Cir. 2009).

In this case, the movant agreed, along with several co-defendants, to commit armed robbery of 70 kilograms of cocaine, thus he attempted to commit and conspired to commit a Hobbs Act

robbery. The fact that no actual cocaine existed, as discussed in Taylor, supra, is irrelevant. There was, nonetheless, a potential nexus to interstate commerce which satisfied the jurisdictional requirements of 18 U.S.C. 1951(a).

The movant's 18 U.S.C. §924(c) conviction is also a valid exercise of Congress' power to regulate commerce as the nexus derives from an underlying federal offense. United States v. Owens, 996 F.2d 59, 60-61 (5th Cir. 1993). In this case, the 18 U.S.C. §924(c) charge derives from the drug and Hobbs Act offenses. As clearly established, the District Court had jurisdiction over the drug and Hobbs Act offenses, thus the Court also had jurisdiction over the 18 U.S.C. §924(c) offense. See United States v. Gatlin, 194 Fed. Appx. 798, 803 (11th Cir. 2006)(the constitutionality of 18 U.S.C. §924(c) against commerce clause challenges was upheld.); citing United States v. Ferreira, 275 F.3d 1020, 1028 (11th Cir. 2001); United States v. Depace, 120 F.3d 233, 235 n.2 (11th Cir. 1997).

Finally, the movant's conviction pursuant to 18 U.S.C. §922(g), also passes constitutional muster. So long as the weapon in question had a "minimal nexus" to interstate commerce, 18 U.S.C. §922(g)(1) the District Court has jurisdiction. United States v. Reynolds, 215 F.3d 1210, 1215 (11th Cir. 2000).

Here, the interstate nexus was established when the government and the movant stipulated that the firearms and ammunition introduced into evidence were manufactured outside the State of Florida. (Cr-DE#189:615-619; Cv-DE#12,Ex.3). Specifically, the .45 caliber handgun was manufactured in Canada, the AK-47 assault rifle was recovered in Romania and the 10mm handgun was manufactured in Austria. Id. Consequently, each of the firearms had traveled in

interstate commerce thus, satisfying the 18 U.S.C. §922(g) nexus requirement.

Under these circumstances, no deficient performance or prejudice has been established under Strickland and the movant is therefore entitled to no relief on this claim.

In **claims 3 and 4**, the movant asserts he was denied effective assistance of counsel when his attorney failed to require the government and its agent to present a lab report, along with a lab technician, pursuant to Fed.R.Crim.P. 17, at trial to refute the charges against him, thus violating his confrontation rights. (Cv-DE#1:attached memo:6; Cv-DE#1:attached memo,Ex.2:4).

In essence it appears had counsel subpoenaed a lab technician and introduced into evidence a lab report establishing the drug amount he was charged with, i.e., 5 kilograms or more of cocaine, the evidence would have shown no drugs existed. Counsel's failure to do so therefore violated his confrontation rights. In support thereof, the movant relies on Supreme Court case Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009).

In Melendez-Diaz, at the defendant's state court trial, the prosecution introduced certificates of state laboratory analysts providing a quantity amount for the cocaine seized by the police. Melendez-Diaz, 129 S.Ct. at 2530-31. As required by Massachusetts law, the certificates were sworn to before a notary public and submitted as prima facie evidence of what they asserted. Id. at 2531. Notwithstanding, the defendant objected, arguing that Crawford v. Washington, 541 U.S. 36 (2004) required the analysts to testify in person. Id. Although the trial court disagreed and the appellate court confirmed, the United States Supreme Court held

14

that the admission of the certificates violated the defendant's
Sixth Amendment right to confront the witnesses against him. Id. at
2531, 2542.

Notwithstanding the movant's contentions, his claims are
without merit. As the underlying criminal record reflects, the jury
was fully aware that there was no actual cocaine involved in the
offenses. The existence of actual drugs is irrelevant when the
movant was charged with attempt and conspiracy to possess with
intent to distribute five or more kilograms of cocaine and attempt
and conspiracy to commit Hobbs Act robbery, none of which require
actual drug possession, which would then necessitate an actual drug
amount.

As such, presentation of a lab report or the testimony of a
lab analysis for nonexistent drugs would be irrational. Under these
circumstances, no deficient performance or prejudice has been
established under Strickland and the movant is therefore entitled
to no relief on this claim.

In **claim 5**, the movant asserts he was denied effective
assistance of trial counsel when his attorney failed to object to
the government agent's false testimony which were made with the
intention to mislead the jury and the court. (Cv-DE#1:attached
memo:6).

Notwithstanding the movant's claims, he fails to provide any
specific facts or law in support thereof. Likewise, he fails to set
forth which of the agent's statements were false, thus resulting in
a mislead jury. As such, bare and conclusory allegations of
ineffective assistance of counsel which contradict the existing
record and are unsupported by affidavits or other indicia of

reliability, are insufficient to require a hearing or further consideration. See <u>United States v. Robinson</u>, 64 F.3d 403, 405 (8th Cir. 1995), <u>Ferguson v. United States</u>, 699 F.2d 1071 (11th Cir. 1983), <u>United States v. Ammirato</u>, 670 F.2d 552 (5th Cir. 1982); <u>United States v. Sanderson</u>, 595 F.2d 1021 (5th Cir. 1979). There is nothing of record in this proceeding or the underlying criminal case to support the movant's vague assertions. Under these circumstances, no deficient performance or prejudice has been established pursuant to <u>Strickland</u>, <u>supra</u>, and the movant is therefore entitled to no relief on the claims.

Even assuming that counsel should have objected to the agent's testimony, and assuming further that the objection would have been sustained, there is no reasonable probability that the jury would have acquitted the movant. As discussed in this Report, there was sufficient evidence of the movant's guilt, and there is simply no reasonable probability that any alleged comments affected the outcome of the guilt-innocence phase of his trial. Under these circumstances, the movant has failed to establish prejudice stemming from counsel's alleged deficient performance in failing to pursue this claim at trial, and is thus entitled to no relief on the claim.

In **claim 6**, the movant asserts he was denied effective assistance of counsel when his attorney failed to object to the constructive amendment/variance of the Indictment, thus violating his Fifth and Sixth Amendment rights to a fair trial. (Cv-DE#1:attached memo:6; Cv-DE#1:attached memo,Ex.3:18-22).

The movant's argument that the Indictment contained a federal variance or constructive amendment, thus violating his Fifth and Sixth Amendment rights for a fair trial, is without merit. The law

is clear that an accused has a constitutional right to a notice of the case the prosecution will present at trial.  Kotteakos v. United States, 328 U.S. 750 (1946). The Eleventh Circuit has established a two step inquiry when considering allegations of variance between indictments and proof at trial: (1) the Court must first determine whether material variance did indeed occur, and, if so, (2) whether the defendant suffered substantial prejudice as a result of the variance.  United States v. Prince, 883 F.2d 953, 959 (11th Cir. 1989); See also: United States v. Reed, 980 F.2d 1568, 1581 (11th Cir. 1993).  To establish such prejudice, the defendant must show that "the proof at trial differ[s] so greatly from the charges in the indictment that the defendant was unfairly surprised and had an inadequate opportunity to prepare a defense.  United States v. Caporale, 806 F.2d 1487, 1500 (11th Cir. 1986).

A "constructive amendment" or "fatal variance" to an Indictment occurs when the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, broadens the possible bases for conviction beyond that contained in the Indictment.  United States v. Castro, 89 F.3d 1443, 1452-1453 (11th Cir. 1996). "[N]ot all differences between an indictment and the proof offered at trial, rise to the 'fatal' level of a constructive amendment." United States v. Randall, 171 F.3d 195, 203 (1999).

A legally significant variance occurs when the evidence proves facts which are materially different from those alleged in the indictment. United States v. Ramos-Oseguera, 120 F.3d 1028 (9th Cir. 1997). The Court must determine whether the movant was convicted of an offense not charged in the Indictment.  United States v. Behety, 32 F.3d 503 (11th Cir. 1994); United States v. Artrip, 942 F.2d 1568, 1570 (11th Cir. 1991). A variance between

17

what is alleged in the charging document and the proof at trial is immaterial where there is no prejudice to the defendant. <u>Isom v. State</u>, 387 So.2d 529 (Fla. 3d DCA 1980).

As may be recalled, the movant was charged with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A) and 846; attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A) and 846 and 18 U.S.C. §2; conspiracy to obstruct and attempt to obstruct, delay and affect commerce by robbery, in violation of 18 U.S.C. §1951(a), (b)(1) and (b)(3) and 2; carrying a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. §§924(c)(1)(A) and 2; and felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). (Cr-DE#28).

The movant does not provide a basis for maintaining that a material variance occurred between the Indictment and the facts established at trial. Review of the record reveals that the facts adduced at trial, do not differ from those charged in the Indictment. Under the circumstances present here, no showing has been made that the movant was convicted of uncharged conduct as it relates to the offenses of conviction, nor has he established a constructive amendment or variance in this case. Consequently, no prejudice has been established pursuant to <u>Strickland</u> and the movant is thus entitled to no relief on the claim.

In **claims 7 and 17**, the movant asserts he was denied effective assistance of counsel concerning whether he should plead guilty or proceed to trial on an entrapment defense. (Cv-DE#1:attached memo:6; Cv-DE#1:attached memo:19). Specifically, he asserts that had he pleaded guilty, he would have foregone the 21 U.S.C. §851

enhancement and would have received a safety valve adjustment as shown in his willingness and truthfulness while testifying in court. (Id.).

The government, in support of its argument in opposition thereto, argues that this claim lacks merit because he has not shown that he would have pleaded guilty or that the court would have accepted his plea or his sentence would have been calculated differently.

A defense attorney must consult with his client on important decisions and inform the client of any important developments in the course of prosecution. Strickland, 466 U.S. at 688. When counsel's ineffectiveness concerns the decision to enter a guilty plea, the prejudice prong requires that the court determine whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1984). A movant's allegation is insufficient to satisfy Strickland if the movant either failed to allege in his motion to vacate that, but for counsel's advice, he would not have pleaded as he did or failed to show special circumstances indicating that counsel's advice affected his decision to plead. Id. at 60.

A defendant does not possess an absolute right to have his guilty plea accepted. Santobello v. New York, 404 U.S. 257, 262 (1971). Even if a District Court accepts an Alford plea - a guilty plea accompanied by assertions of fact that would negate guilt - the court is not required to accept such a plea and may instead treat the defendant's statements as a claim of innocence. United States v. Gomez-Gomez, 822 F.2d 1008, 1011 (11th Cir. 1987).

The movant's claim that he would have pleaded guilty is highly

19

suspect and incredulous in light of his continued reliance on the entrapment defense following his conviction. See United States v. Wright, 2009 WL 3424177, *4-5 (S.D. Fla. Oct. 21, 2009). Throughout his motion to vacate, the movant maintains that he attempted to withdraw from the conspiracy, changed his telephone number to avoid speaking with the informant and was threatened with force if he failed to participate. (Cv-DE#1:attached memo:16).

Moreover, the movant's claim that had he pleaded guilty, he would have received a safety valve adjustment, is without merit. As discussed below, with respect to **claim 16**, the movant was not entitled to the safety valve adjustment due to his criminal history points. Likewise, his argument that he would have foregone the §851 enhancement is also without merit, since the movant was nonetheless classified as a career offender and he fails to demonstrate prejudice. As may be recalled, the movant's 300-month sentence, which included the 60-month mandatory consecutive sentence, was below the guideline range of 360 months to life imprisonment, which did not account for the 60-month consecutive sentence.

Consequently, it appears the movant is now making after the fact self-serving allegations, after realizing the weight of the government's evidence against him. Under these circumstances, the movant has failed to establish prejudice stemming from counsel's alleged deficient performance, pursuant to Strickland v. Washington, 466 U.S. 668 (1984), and is therefore entitled to no relief on this claim.

In **claim 8**, the movant asserts he was denied effective assistance of counsel when his attorney failed to argue that there can be no indictable conspiracy existing between the government agent and a citizen. (Cv-DE#1:attached memo:7). In essence the

movant argues because the conspiracy only involved a confidential informant and a civilian, no conspiracy could in fact exist. The movant's claim is belied by the record.

The movant is correct to the extent there can be no conspiracy involving only a defendant and government informer, because it takes two to conspire and the government informer is not a true conspirator. United States v. Martino, 648 F.2d 367 (5th Cir. 1981). Notwithstanding, in this case, the evidence clearly shows that the movant conspired with numerous individuals, many of whom were not government informants; to wit: Juan Alameda, Earnest Pickett, Gilbert Guerrero, Steven Hartsfield. (See PSI:3; PSI¶¶5-12). Accordingly, a conspiracy existed and counsel was not ineffective, pursuant to Strickland, for failing to pursue this claim.

In **claim 9**, the movant asserts he was denied effective assistance of appellate counsel when his attorney failed to present the claims raised herein. (Cv-DE#1:attached memo:7).

An ineffective assistance of appellate counsel claim is considered under the same two-part test announced in Strickland, 466 U.S. 668, previously discussed infra. Milligan v. United States, 213 Fed. Appx. 964 (11th Cir. 2007). To show that his appellate counsel was ineffective, the movant must establish that his appellate counsel performed deficiently and that the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961 (11th Cir. 1997). To determine prejudice, we must review the merits of an omitted claim. If we find that the omitted claim would have had a reasonable probability of success on appeal, then counsel's performance necessarily resulted in prejudice. Id.; citing Heath v. Jones, 941 F.2d 1126, 1136 (11th Cir. 1991). The

movant argues that appellate counsel's omission of all the claims raised herein resulted in ineffective assistance. The movant contends that each of the foregoing issues exclusively would have been enough to vacate and remand for a new trial. As addressed in detail in this Report, the movant would not have had a reasonable probability of success on any of the claims and thus, he has failed to establish prejudice and is entitled to no relief on these claims. Moreover, counsel's strategic decision to not raise additional claims on direct appeal, does not rise to the level of ineffective assistance.

In **claim 10**, the movant asserts he was denied effective assistance of counsel when his attorney failed to file a reply brief to the government's answer brief on appeal. (Cv-DE#1:attached memo:7).

Despite the movant's protestations, this claim is without merit. Federal Rule of Appellate Procedure 28(c) states that an appellant **may** file a brief in reply to the appellee's brief. Fed.R.App.P. 28(c)(emphasis added). In United States v. Birtle, the court determined that the failure to file a reply brief does not prevent review of the issues raised on appeal. United States v. Birtle, 792 F.2d 846, 848 (9th Cir. 1986).

To the extent the movant argues that due to counsel's failure to file a reply brief he was precluded from raising new claims on appeal, this claim is without merit. There is a general rule that appellants cannot raise an issue for the first time in their appellate briefs. Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir. 1980), cert. denied, 452 U.S. 961 (1981). Thus, failure to file a reply brief does not constitute ineffective assistance of appellate counsel.

Likewise, the movant fails to demonstrate he suffered any prejudice as a result of appellate counsel's failure to file a reply brief, wherein the Eleventh Circuit considered his claim, analyzed the issue in its opinion, and notwithstanding concluded that the evidence was sufficient to sustain the jury's findings.

Under these circumstances, no deficient performance or prejudice has been established under Strickland and the movant is therefore entitled to no relief on this claim.

In **claim 11**, the movant asserts the District Court lacked subject matter jurisdiction or territorial jurisdiction to prosecute this case pursuant to 18 U.S.C. §1951(a). (Cv-DE#1:attached memo:10,15; Cv-DE#1:attached memo,Ex.1:5).

The movant's argument that the laws of the United States are not enforceable within the State of Florida, is without merit.

The term United States, "includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone." 18 U.S.C. §5; United States v. Christian, 505 F.2d 94, 97 (5th Cir. 1974).[4] Accordingly, when an offense in violation of the United States law occurs, the United States District Courts shall have "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. §3231; see also U.S. Const. Art. III, §2.

---

[4]Fifth Circuit decisions made prior to October 1, 1981 are binding authority in the Eleventh Circuit. Bonner v. Prichard, 661 F.2d 1206, 1210 (11th Cir. 1981) (en banc).

23

The movant's claim in this petition is similar to those raised in <u>McClurkin v. United States</u>, 922 F.2d 843 (7th Cir. 1990) and <u>Cantrell v. Reno</u>, 36 Fed. Appx. 651 (1st Cir. 2002), wherein the movants therein challenged the government's jurisdiction to prosecute crimes on grounds that they were committed within an individual state which had not been ceded to the United States. Specifically, in <u>McClurkin</u>, on appeal of the denial of his §2255 petition, the petitioner argued that his acts were not committed within the territorial jurisdiction of the United States, but exclusively within the territorial jurisdiction of the individual state. <u>McClurkin</u>, <u>supra</u>. Thus, McClurkin argued, the district court lacked jurisdiction to enter a valid conviction.

Similarly, in <u>Cantrell</u>, the petitioner, a federal prisoner, appealed the district court's <u>sua sponte</u> dismissal of his petition for writ of habeas corpus arguing that the district court lacked jurisdiction over the offense because Congress had not enacted 21 U.S.C. §§841 and 846 into law and the offenses had not occurred on United States property, but rather in the State of Mississippi. <u>Cantrell</u>, 36 Fed. Appx. at 651-52.

In both cases, the courts determined a trial court's jurisdiction under 18 U.S.C. §3231 is not limited to crimes occurring on federally owned property. <u>McClurkin</u>, 922 F.2d 843; <u>Cantrell</u>, 36 Fed. Appx 651; <u>citing</u> <u>United States v. Mundt</u>, 29 F.3d 233, 237 (6th Cir. 1994); <u>see also</u> <u>Prou v. United States</u>, 199 F.3d 37, 45 (1st Cir. 1999) ("a federal district court plainly possesses subject-matter jurisdiction over drug cases"); <u>United States v. Lussier</u>, 929 F.2d 25, 26 (1st Cir. 1991)(rejecting "territorial" jurisdiction argument). Moreover, the <u>McClurkin</u> court held that 18 U.S.C. §5 does not require that the jurisdiction of the United States be exclusive before territorial jurisdiction attaches.

24

McClurkin, 922 F.2d 843. Likewise, in Cantrell, the court determined that the 21 U.S.C. §§841 and 846 are valid congressional enactments. See Cantrell, supra; see also United States v. Postal, 589 F.2d 862, 885 (5th Cir. 1979); United States v. Smith, 574 F.2d 308, 311 (5th Cir. 1978).

Therefore, because South Florida, wherein the underlying criminal offenses occurred, is within the jurisdiction of the United States, the offenses were in violation thereof and 21 U.S.C. §§841, 846 and 18 U.S.C. §1951(a) are all valid congressional enactments, the Court thus, had the power to enter rulings and judgment of convictions against the movant. See United States v. Luton, 486 F.2d 1021, 1023 (5th Cir. 1973)("Both venue and territorial jurisdiction of a federal district court in criminal cases depend on some part of the criminal activity having occurred within its territory."). Under these circumstances, no showing has been made that counsel was deficient or that the movant suffered prejudice therefrom. See Strickland, supra.

To the extent the movant argues the court lacked subject matter jurisdiction, this claim is without merit. Contrary to the his allegations, the District Court had subject matter jurisdiction over the offenses. A court's power to adjudicate a federal criminal prosecution comes from 18 U.S.C. §3231, which gives federal courts original jurisdiction over "all offenses against the laws of the United States." See 18 U.S.C. §3231. Review of the Indictment reveals that the movant violated one or more federal criminal statutes, and each states an "offense against the laws of the United States," tracking the language of the statute and setting forth the essential elements of the crime. The Indictment

sufficiently apprised the movant of the charges against him.[5]

Under these circumstances, no showing has been made that counsel was deficient for failing to challenge the District Court's subject matter jurisdiction. Even if counsel had sought dismissal of the Indictment, the movant has failed to establish that such a motion would have been granted. Therefore, the movant is entitled to no relief on this claim. Thus, no deficient performance or prejudice has been established arising from counsel's failure to pursue this issue. See Strickland v. Washington, supra. The movant is therefore entitled to no relief on this claim.

In **claim 12**, the movant asserts the government's filing of an information pursuant to 21 U.S.C. §851 is inapplicable to his case as the District Court lacked jurisdiction to preside over the matter. (Cv-DE#1:attached memo:17).

The movant's lack of subject matter jurisdiction argument fails. As previously established in relation to **claim 11**, the District Court had subject matter jurisdiction over the offenses against the movant.

To the extent the movant argues that an enhancement pursuant to 21 U.S.C. §851 is inapplicable to him, this claim is without merit. Title 21 U.S.C. §851(1) provides as follows:

---

[5]Due process and the Sixth Amendment require that an Indictment state the elements of an offense charged with sufficient clarity to apprise a defendant of the charges against him. Russell v. United States, 369 U.S. 749, 763-64 (1962). An Indictment is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defendant and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." See Hamling v. United States, 418 U.S. 87, 117 (1974)(citations omitted); Government of Virgin Islands v. Moolenaar, 133 F.3d 246 (3d Cir. 1998), citing Russell, supra; Hamling v. United States, supra.

> No person who stands convicted of an offense
> under this part shall be sentenced to
> increased punishment by reason of one or more
> prior convictions, unless before trial, or
> before entry of a plea of guilty, the United
> States attorney files an information with the
> court (and serves a copy of such information
> on the person or counsel for the person)
> stating in writing the previous convictions to
> be relied upon . . . .

A defendant may not receive an enhanced sentence pursuant to 21 U.S.C. §851 unless prior to trial, the government files an information signifying its intent to rely on a prior drug conviction and serves such information upon the defendant. United States v. Weaver, 905 F.2d 1466, 1481 (11th Cir. 1990), cert. den'd, 498 U.S. 1091 (1991). The Eleventh Circuit insists upon strict compliance with the mandatory language of the procedural requirement of §851. Id. Filing and serving the information prior to selection of the jury is sufficient. Id.; accord, Perez v. United States, 249 F.3d 1261 (11th Cir. 2001). Moreover, the Eleventh Circuit has held that once an information is filed, it need not be refiled following each consecutive trial. See United States v. Williams, 59 F.3d 1180, 1184-85 (11th Cir. 1995)(Finding no §851 violation where information was filed after mistrial of second trial, but prior to third trial.); accord, United States v. Mayfield, 418 F.3d 1017, 1020-21 (9th Cir. 2005).

In this case, the government filed a notice of intent to seek an increased sentence pursuant to 21 U.S.C. §851 on September 23, 2007. (Cr-DE#84). The government sought an enhanced penalty under 21 U.S.C. §841(b)(1)(B), not 18 U.S.C. §1951, based on the movant's prior conviction for possession of cannabis with intent to distribute. (Id.). Attached thereto, was a copy of the state judgment. (Id.). Jury voir dire commenced the following day. Thus,

27

it appears that the government followed the proper procedural requirements for filing the notice of seeking an enhanced sentence. Under these circumstances, no deficient performance or prejudice has been established under <u>Strickland</u> and the movant is therefore entitled to no relief on this claim.

In **claim 13**, the movant asserts he is actually innocent. (Cv-DE#1:attached memo:18; Cv-DE#1:attached memo,Ex.1:5;Ex.3:18).

The movant's protestations of innocence in this motion to vacate are without substantiation in the record. A habeas petitioner attempting to establish "actual innocence" must meet a high standard. <u>Bousley v. United States</u>, 523 U.S. 614 (1998). The movant must demonstrate that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" <u>Bousley</u>, <u>supra</u> at 623, quoting, <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328 (1995). The Court emphasized that actual innocence means factual innocence, not mere legal insufficiency. <u>Id.</u> <u>See also</u> <u>High v. Head</u>, 209 F.3d 1257 (11th Cir. 2000); <u>Lee v. Kemna</u>, 213 F.3d 1037, 1039(8th Cir.2000); <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107 (2nd Cir. 2000);<u>citing</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 299,_(1995); <u>Jones v. United States,153 </u>F.3d 1305 (11th Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. <u>Id.</u> at 316. No such showing has been made here; thus,

the movant's claim is without merit.

In **claim 14**, the movant asserts he was denied effective assistance of counsel when his attorney failed to object to the court's failure to consider at sentencing the 18 U.S.C. §3553(a) factors. (Cv-DE#1:attached memo:18). This claim is belied by the record.

As is evident from the sentencing transcript that the trial court during the sentencing hearing clearly stated on the record that the factors set forth in 18 U.S.C. §3553(a) were considered. (Cv-DE#12,Ex.C:Cr-DE#192:18-22). Therefore, no deficient performance or prejudice has been established pursuant to Strickland, supra, and the movant is therefore entitled to no relief on the claim.

In **claim 15**, the movant asserts he was denied effective assistance of counsel when his attorney failed to seek a sentencing role adjustment pursuant to U.S.S.G. §3B1.2. (Cv-DE#1:attached memo:18).

Section 3B1.2 of the Sentencing Guidelines provides for a two or four level decrease in the offense level if the defendant was a minor or minimal participant. The Commentary to §3B1.2 defines a minor participant as any participant who is less culpable than most other participants, but whose role could not be described as minimal. See: U.S.S.G. §3B1.2(b), comment, n.5. A minimal participant is defined as one who is plainly among the least culpable of those involved in the conduct of a group. See U.S.S.G. §3B1.2(b), comment, n.4. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role

as minimal participant. It is intended that the downward adjustment for a minimal participant will be used infrequently. (<u>Id.</u>).

It is also axiomatic that the defendant has the burden of proving the applicability of the Sentencing Guideline section which would reduce the offense level by a preponderance of the evidence. <u>See</u> <u>United States v. De Varon</u>, 175 F.3d 930,939 (11th Cir. 1999); <u>United States v. Carmargo-Vergara</u>, 57 F.3d 993, 997-98 (11th Cir. 1995). In determining whether a role adjustment is warranted, however, the court should be "informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and second, his role as compared to other participants in his relevant conduct. <u>United States v. De Varon</u>, 175 F.3d at 940. Where the relevant conduct of the defendant is identical to his actual conduct, he cannot prove he is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which he was a minor participant but for which he was not held accountable. <u>De Varon</u>, <u>supra</u> at 941.

The facts reveal that on at least two separate occasions, the movant traveled to the Miami area to discuss the plans for the robbery. (PSI¶¶11,12). Moreover, on the day of the robbery, the movant was observed entering the front passenger's seat of the CI's vehicle and was seen removing a stainless steel pistol and placing it under the passenger seat. (PSI¶12). Likewise, on his person, he had a ZAP 650 stun gun clipped on his belt and a knife in his right front pocket. (PSI¶14). Ultimately, it was determined the movant was recruited to commit the robbery of the cocaine. (PSI¶20). He was fully aware that he was in Miami to commit an armed robbery of cocaine coming in from Colombia and he was to receive one kilogram cocaine for his participation, although he, along with his co-

defendants, were held accountable for 70 kilograms of cocaine. (Id.).

No showing has been made that his responsibilities within the organization were less important to the conspiracy than others similarly situated. Therefore, the fact that the movant may have played a minor/minimal role in the organization does not support a minor/minimal role adjustment. See United States v. De Varon, 175 F.3d 930,944 (11th Cir. 1999)(when a defendant is held accountable for her own acts, "the conduct of participants in a larger criminal conspiracy is irrelevant.")

Moreover, the PSI further determined, that given his involvement in the conspiracy, neither an aggravating nor mitigating role adjustment was warranted. (PSI ¶20). Under these circumstances, the movant has failed to establish that he is entitled to a minor and/or minimal role reduction. See United States v. De Varon, supra; United States v. Zaccardi, 924 F.2d 201, 203 (11th Cir. 1991)("Although the PSI indicated that defendant was one of the 'least culpable' defendants, the district court was not obliged on that basis to determine that defendant was a 'minor' participant . . . It is entirely possible for conspiracies to exist in which there are no minor participants.").

Consequently, even if the issue had been raised at sentencing, no showing has been made that the court would have granted the movant a minor/minimal role reduction. See U.S.S.G. §3B1.2(b). Thus, the movant has failed to establish prejudice stemming from counsel's failure to further pursue the reduction based on the movant's role in the offense. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

In **claim 16**, the movant asserts he was denied effective assistance of counsel when his attorney failed to seek a safety valve adjustment pursuant to U.S.S.G. §5C1.2. (Cv-DE#1:attached memo:18).

Title 18 U.S.C. §3553(f) provides a "safety valve" for less culpable defendants. United States v. Brownlee, 204 F.3d 1302, 1304 (11th Cir. 2000). The "safety valve" was enacted to permit courts to sentence less culpable defendants to guideline sentences instead of imposing mandatory minimum sentences. United States v. Brehm, 442 F.3d 1291, 1299 (11th Cir.), cert. den'd, __ U.S. __, 127 S.Ct. 457 (2006); U.S.S.G. §5C1.2. In order for the safety valve to be applicable, the defendant must meet the following criteria as outlined in 18 U.S.C. § 3553(f)(1)-(5):

    (1)   the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

    (2)   the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (3)   the offense did not result in death or serious bodily injury to any person;

    (4)   the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

    (5)   not later than the time of the sentencing hearing, the defendant truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the

information shall not preclude a determination by the court that the defendant has complied with this requirement.

Brownlee, supra at 1304; U.S.S.G. §5C1.2.


Under §3553(f), a district court may sentence a defendant below a statutory minimum if the defendant meets the five mandatory criteria, as listed above. However, in addition to these criteria, application of §3553(f)'s safety valve is explicitly limited to the following offenses: 21 U.S.C. §§ 841, 844, 846, 960, and 963. See United States v. Gamboa-Cardenas, 508 F.3d 491 (9th Cir. 2007), citing, United States v. Koon, 214 F.3d 1049, 1050-51 (9th Cir. 2000); See also, e.g., United States v. Kakatin, 214 F.3d 1049,1050-52 (9th Cir. 2000) (noting that "[w]ith this opinion, we join the Third and Eleventh Circuits in holding that the safety valve provision of ... §3553(f) does not apply to convictions under 21 U.S.C. §860"); United States v. Koons, 300 F.3d 985, 993 (8th Cir. 2000); United States v. Anderson, 200 F.3d 1344, 1346-48 (11th Cir. 2000) (reasoning that the "[t]he selection of these five [enumerated] statutes reflects a [Congressional] intent to exclude others, including 21 U.S.C. §860").


In this case, however, the movant fails to meet the first criteria under 3553(f) as its evident from his PSI, he was assessed 6 criminal history points. (PSI¶¶43-46,49). Under these circumstances, based on the plain language of the relevant statutory and sentencing provisions, the movant obviously is not entitled to application of the safety valve provision of the guidelines. Thus, the movant has failed to establish prejudice pursuant to Strickland v. Washington, 466 U.S. 668 (1984) arising from counsel's failure to pursue this nonmeritorious claim at sentencing. He is thus entitled to no relief herein.

33

In **claim 18**, the movant asserts he was denied effective assistance of counsel when his attorney failed to argue that the prosecution was initiated without authorization by the Department of Justice and in violation of the "petite policy." (Cv-DE#1:attached memo,Ex.3:7).

As already noted in this report, the District Court had, both, subject matter and territorial jurisdiction over the offenses charged against the movant.

To the extent the movant means to argue that his federal prosecution violates the government's Petite Policy,[6] the claim likewise fails on the merits. No showing has been made that the government interfered with the state prosecution nor that they violated their own policy. In fact, the movant concedes that he was not prosecuted by the State of Florida for the underlying criminal offenses. (Cv-DE#1:attached memo:Ex.3:8). Under the totality of the circumstances present here, the movant is entitled to no relief on this claim.

---

[6]The *Petite* Policy provides:

> This policy precludes the initiation or continuation of a federal prosecution, following a prior state or federal prosecution based on substantially the same act(s) or transaction(s) unless three substantive prerequisites are satisfied: first, the matter must involve a substantial federal interest; second, the prior prosecution must have left that interest demonstrably unindicted; and third, applying the same test that is applicable to all federal prosecutions, the government must believe that the defendant's conduct constitutes a federal offense, and that the admissible evidence probably will be sufficient to obtain and sustain a conviction by an unbiased trier of fact. In addition, there is a procedural prerequisite to be satisfied, that is, the prosecution must be approved by the appropriate Assistant Attorney General.

U.S. Attorney's Manual §9-2.031(A).

In **claim 19**, the movant asserts he was denied effective assistance of counsel when his attorney failed to argue that there was no conspiracy as a matter of law. (Cv-DE#14:1).

As previously discussed, <u>supra</u>, to support a conviction under 21 U.S.C. §846, the government must establish there was (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means. <u>United</u> <u>States v. Mercer</u>, 165 F.3d 1331, 1333 (11th Cir. 1999). Circumstantial evidence could be used to establish the existence of a conspiracy and a defendant's involvement therein. <u>Id.</u> Neither actual possession nor actual distribution is a necessary element for conspiracy to distribute or to possess with intent to distribute a controlled substance; only an agreement is necessary. <u>United States v. Diaz</u>, 190 F.3d 1247, 1253 (11th Cir. 1999). However, a conspiracy fails to exist between a government agent or a government informer who secretly intends to frustrate the conspiracy. <u>United States v. Wright</u>, 63 F.3d 1067 (11th Cir. 1995); <u>United States v. Lively</u>, 803 F.2d 1124, 1126 (11th Cir. 1986).

Moreover, to sustain a conviction for Hobbs Act conspiracy under 18 U.S.C. §1951(a) and (b)(1) in this case, the government needed to prove that: (1) two or more persons agreed to commit a robbery encompassed within the Hobbs Act; (2) the defendant knew of the conspiratorial goal; and (3) the defendant voluntarily participated in helping to accomplish the goal. <u>United States v. To</u>, 144 F.3d 737, 748 (11th Cir. 1998); <u>citing</u> <u>United States v. Thomas</u>, 8 F.3d 1552, 1556 (11th Cir.1993).

The facts reveal, a conspiracy existed between the movant and

his co-defendants to execute an armed robbery of 70 kilograms of cocaine from a stash house. (PSI¶¶5-14). The movant was present at the meetings which occurred prior to the scheduled execution of the robbery, wherein the goal of the conspiracy was discussed. (PSI¶10-12). Ultimately, the movant was arrested in a vehicle which contained a small arsenal of guns, one of which was located where he sat. (PSI¶12,14). Although the movant testified in his defense at trial, evidently, the jury did not believe his factual account. Under these circumstances, no deficient performance or prejudice has been established under <u>Strickland</u> and the movant is therefore entitled to no relief on this claim.

In **claim 20**, the movant asserts he was denied effective assistance of counsel when his attorney failed to argue that Miami-Dade detectives assigned to the STOP group had authority to investigate and arrest the movant. (Cv-DE#1:attached memo:18,Cv-DE#1:attached memo,Ex.1:2,4).

As the government correctly states, Title 18, United States Code, section 3051, provides that:

> Special agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, **as well as any other investigator or officer charged by the Attorney General with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of the laws of the United States**, may carry firearms, serve warrants and subpoenas issued under the authority of the United States and make arrests without warrant for any offense against the United States committed in their presence, or for any felony cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such felony.

18 U.S.C. §3051(a) (emphasis added). Likewise, the head of a

federal agency may arrange for the assignment of an employee of a
State or local government to his agency for work of mutual concern
to his agency and the State or local government that he determines
will be beneficial to both. 4 U.S.C. §3372. Like the government
states "'an employee of a State or local government who is assigned
to a Federal agency may be deemed on detail to the federal
agency.'" Id. §3374(a)(2).

As the facts reveal, the investigation which pertaining to the
underlying criminal case was initiated as a joint effort between
the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and
the Miami-Dade Police Department. (PSI¶4). Specifically, the Miami-
Dade police detectives were task force officers assigned to the
South Florida HIDTA's Street Terror Offender Program (STOP) group,
which is a task force comprised of federal and state agents. (Cv-
DE#12,Ex.3,DE#189:197). Specifically, the STOP group consisted of
federal agencies, the Florida Department of Law Enforcement, and
the Miami-Dade Police Department. (Id.). This task force in
particular investigated proactive violent crimes, violent crime
groups, and specific home invasion robbery groups. (Id.). Thus, the
Miami-Dade detectives involved in the investigation were members of
a federal task force and were fully authorized to conduct federal
investigations and execute arrests. See United States v. Goree, 47
Fed. Appx. 706, 710 (6th Cir. 2002). Under these circumstances, no
deficient performance or prejudice has been established under
Strickland and the movant is therefore entitled to no relief on
this claim.

Evidentiary Hearing

The movant's request for evidentiary hearing with respect to
the foregoing claims should be denied. (Cv-DE#14:1). A hearing is

37

not required on patently frivolous claims or those which are based upon unsupported, generalizations or affirmatively contradicted by the record. See <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989), <u>citing</u>, <u>Guerra v. United States</u>, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

<u>Conclusion</u>

It is therefore recommended that this motion to vacate be denied and case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 3rd date of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Jose Gonzalez, Pro Se
     Reg. No. 78836-004
     FCI - Miami
     P.O. Box 779800
     Miami, FL 33177

     Anne Ruth Schultz, AUSA
     United States Attorney's Office
     99 NE 4th Street
     Miami, FL 33132

     Cristina V. Maxwell, AUSA
     United States Attorney's Office
     HIDTA
     11200 NW 20th Street
     Miami, FL 33172